page 1

06 - 548

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

Joseph D'Alessandro and Olga D'Alessandro and all alike citizens Pro-Se & Pro-Socia
23136 Prince George Drive
Angola Estates
Lewes Delaware 19958-9342
phone [302] 945-1554

plantiffs

Progressive Northern Insurance Company [a foreign corporation]
6300 Wilson Mills Road
Mayfield Village, OH 44143-2182

defendant

## JURISDICTION

See Exhibit [A]
See Exhibit [B]

Title 28 sec. 1331. Federal question and sec. 1332

Usurping of Plantiffs Ninth and Fourteenth Amendments. The Right to exist.

## CONPLAINT

BREECH OF FAITH AND INTENTIONAL FRAUD.

Progressive Northern Insurance Company is liable for adding more Mental & Physical Injury,

to plantiffs.

## PRAYER FOR RELIEF

[I]    Punitive Damages of $10 Million Dollars

The above is true under penalty of perjury.

Joseph D'Alessandro and Olga D'Alessandro and all alike citizens Pro-Se & Pro-Socia
23136 Prince George Drive
Angola Estates
Lewes Delaware 19958-9342

phone [302] 945-1554

# EXHIBIT [A]

**Saturday, August 26, 2006**

the $900.00 you offered was a insult I paid a premium for this coverage open and shut case.

Mr. Drew Herebert
Claims Representative
Progressive Northern Insurance Company

Progressive Northern Insurance Company
6300 Wilson Mills Road
Mayfield Village, OH 44143-2182

Fax 3026781236
I, Joseph D'Alessandro purchased, uninsured/underinsured motorist coverage to protect myself and wife against uninsured drivers.

MY COVERAGE IS $300,000 thousand.
Olga's pain and suffering and mine as husband [loss consortium]
is $275,000 thousand. To be paid by Progressive Insurance Company *At Once*.

## uninsured motorist clause
the clause in a policy of insurance on an automobile which provides that if the owner (or a passenger) of the automobile is injured by a negligent driver of another vehicle who does not have liability insurance, then the insurance company will pay its insured's actual damages.

**Futhermore Progressive Insurance Company is liable for this payment**
or face a Federal Lawsuit under Title 28 sec. 1331. Federal question sec. 1332
**Signed Joseph D'Alessandro Pro-Se**

## [a] breach of trust and/or good faith
**BREACH** The violation of an obligation, engagement or duty; as a breach of covenant is the non-performance or violation of a covenant; the breach of a promise is non-performance of a promise; the breach of a duty is the refusal or neglect to execute an office or public trust, according to law.
**GOOD FAITH** Honestly and without deception. An agreement might be declared invalid if one of the parties entered with the intention of defrauded the other.

The duty of each party to an agreement (and all officers, employees, or agents of each party) to act in a fair and equitable manner toward each other so as to guarantee each party freedom from coercion, intimidation, or threats of coercion or intimidation from the other.
**FRAUD, TO DEFRAUD** The term 'fraud' is generally defined in the law as an intentional

misrepresentation of material existing fact made by one person to another with knowledge of its falsity and for the purpose of inducing the other person to act, and upon which the other person relies with resulting injury or damage. [Fraud may also include an omission or intentional failure to state material facts, knowledge of which would be necessary to make other statements not misleading.]

**[b] insurance**
a contract (insurance policy) in which the insurer (insurance company) agrees for a fee (insurance premiums) to pay the insured party all or a portion of any loss suffered by accident or death. The losses covered by the policy may include property damage or loss from accident, fire, theft or intentional harm; medical costs and/or lost earnings due to physical injury; long-term or permanent loss of physical capacity; claims by others due to the insured's alleged negligence (e.g. public liability auto insurance);

The uninsured motorist bodily injury coverage will pay for medical bills and **pain and suffering** if you are hit by an uninsured driver.
The uninsured motorist property damage coverage will pay for property damage if you are hit by an uninsured driver.

As of August 2004, uninsured motorist property damage is available in these states: Alaska, Arkansas, California, Colorado, **Delaware,** District of Coulmbia, Georgia, Illinois, Indiana, Iowa, Louisiana, Maryland, Mississippi, New Jersey, New Mexico, North Carolina, Ohio, Oregon, Rhode Island, South Carolina, Texas, Tennessee, Utah, Virginia, Vermont, Washington, and West Virginia.

**Please comply with the statutes of your own  Insurance Policies by-laws.**

Thank You,
Olga D'Alessandro
Joseph D'Alessandro

# EXHIBIT [B]

**Point of Authority**

**stare decisis**
**Latin for "to stand by a decision," ..**

**CONSTITUTIONAL RIGHTS of PLANTIFFS**
**PRO SE RIGHTS:**

**Roadway Express v. Pipe, 447 U.S. 752 at 757 (1982)**

   "Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."

**Sherar v. Cullen, 481 F. 2d 946 (1973)**

   "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights."

**Schware v. Board of Examiners, United State Reports 353 U.S. pages 238, 239.**

   "The practice of law cannot be licensed by any state/State."

**Sims v. Aherns, 271 SW 720 (1925)**

   "The practice of law is an occupation of common right."

**Boyd v. United, 116 U.S. 616 at 635 (1885)**

   Justice Bradley, "It may be that it is the obnoxious thing in its mildest form; but illegitimate and unconstitutional practices get their first footing in that way; namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of persons and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of the Courts to be watchful for the Constitutional Rights of the Citizens, and against any stealthy encroachments thereon. Their motto should be Obsta Principiis."

Brotherhood of Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1; v. Wainwright, 372 U.S. 335; Argersinger v. Hamlin, Sheriff 407 U.S. 425

   Litigants can be assisted by unlicensed laymen during judicial proceedings.

Conley v. Gibson, 355 U.S. 41 at 48 (1957)

   "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.

Davis v. Wechler, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S.

449

"The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."

Elmore v. McCammon (1986) 640 F. Supp. 905

"... the right to file a lawsuit pro se is one of the most important rights under the constitution and laws."

Federal Rules of Civil Procedures, Rule 17, 28 USCA "Next Friend"

A next friend is a person who represents someone who is unable to tend to his or her own interest.

Haines v. Kerner, 404 U.S. 519 (1972)

"Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."

Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233

Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.

Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)

"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."

NAACP v. Button, 371 U.S. 415); United Mineworkers of America v. Gibbs, 383 U.S. 715; and Johnson v. Avery, 89 S. Ct. 747 (1969)

Members of groups who are competent nonlawyers can assist other members of the group achieve the goals of the group in court without being charged with "unauthorized practice of law."

Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court of Appeals

The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."

Puckett v. Cox, 456 F. 2d 233 (1972) (6th Cir. USCA)

It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per

Justice Black in Conley v. Gibson (see case listed above, Pro Se Rights Section).

Downs v. Bidwell, 182 U.S. 244 (1901)

"It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgement in our constitutional jurisprudence.  No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution."

Gomillion v. Lightfoot, 364 U.S. 155 (1966), cited also in Smith v. Allwright, 321 U.S. 649.644

"Constitutional  'rights' would be of little value if they could be indirectly denied."

Juliard v. Greeman, 110 U.S. 421 (1884)

Supreme Court Justice Field, "There is no such thing as a power of inherent sovereignty in the government of the United States... In this country, sovereignty resides in the people, and Congress can exercise power which they have not, by their Constitution, entrusted to it.  All else is withheld."

Mallowy v. Hogan, 378 U.S. 1

"All rights and safeguards contained in the first eight amendments to the federal Constitution are equally applicable."

Miranda v. Arizona, 384 U.S. 426, 491; 86 S. Ct. 1603

"Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them."

Norton v. Shelby County, 118 U.S. 425 p. 442

"An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed."

Perez v. Brownell, 356 U.S. 44, 7; 8 S. Ct. 568, 2 L. Ed. 2d 603 (1958)

"...in our country the people are sovereign and the government cannot sever its relationship to them by taking away their citizenship."

Sherar v. Cullen, 481 F. 2d 946 (1973)

"There can be no sanction or penalty imposed upon one because of his exercise of constitutional rights."

Simmons v. United States, 390 U.S. 377 (1968)

"The claim and exercise of a Constitution right cannot be converted into a crime"... "a denial of them would be a denial of due process of law".

Warnock v. Pecos County, Texas., 88 F3d 341 (5th Cir. 1996)

Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

# CORRUPTION OF AUTHORITY:

Burton v. United States, 202 U.S. 344, 26 S. Ct. 688 50 L.Ed 1057

United States Senator convicted of, among other things, bribery.

Butz v. Economou, 98 S. Ct. 2894 (1978); United States v. Lee, 106 U.S. at 220, 1 S. Ct. at 261 (1882)

"No man [or woman] in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it."

*Cannon v. Commission on Judicial Qualifications, (1975) 14 Cal. 3d 678, 694

Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

*Geiler v. Commission on Judicial Qualifications, (1973) 10 Cal.3d 270, 286

Society's commitment to institutional justice requires that judges be solicitous of the rights of persons who come before the court.

*Gonzalez v. Commission on Judicial Performance, (1983) 33 Cal. 3d 359, 371, 374

Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

Olmstad v. United States, (1928) 277 U.S. 438

"Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy."

Owen v. City of Independence

"The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury."

Perry v. United States, 204 U.S. 330, 358

"I do not understand the government to contend that it is any less bound by the obligation than a

private individual would be..."  "It is not the function of our government to keep the citizen from falling into error; it is the function of the citizen to keep the government from falling into error."

*Ryan v. Commission on Judicial Performance, (1988) 45 Cal. 3d 518, 533

Before sending a person to jail for contempt or imposing a fine, judges are required to provide due process of law, including strict adherence to the procedural requirements contained in the Code of Civil Procedure.  Ignorance of these procedures is not a mitigating but an aggravating factor.

U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)

"No man in this country is so high that he is above the law.  No officer of the law may set that law at defiance, with impunity.  All the officers of the government, from the highest to the lowest, are creatures of the law are bound to obey it."

"It is the only supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives."

Warnock v. Pecos County, Texas, 88 F3d 341 (5th Cir. 1996)

Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

## DISMISSAL OF SUIT:

Note:  [Copied verbiage; we are not lawyers.]  It can be argued that to dismiss a civil rights action or other lawsuit in which a serious factual pattern or allegation of a cause of action has been made would itself be violating of procedural due process as it would deprive a pro se litigant of equal protection of the law vis a vis a party who is represented by counsel.

Also, see Federal Rules of Civil Procedure, Rule 60 - Relief from Judgment or Order (a) Clerical Mistakes and (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.

Warnock v. Pecos County, Texas, 88 F3d 341 (5th Cir. 1996)

Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

Walter Process Equipment v. Food Machinery, 382 U.S. 172 (1965)

... in a "motion to dismiss, the material allegations of the complaint are taken as admitted".  From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts in support of his claim which would entitle him to relief (see Conley v. Gibson, 355 U.S. 41 (1957)).

## EQUAL PROTECTION UNDER THE LAW

Cochran v. Kansas, 316 U.S. 255, 257-258 (1942)

"However inept Cochran's choice of words, he has set out allegations supported by affidavits, and nowhere denied, that Kansas refused him privileges of appeal which it afforded to others. *** The State properly concedes that if the alleged facts pertaining to the suppression of Cochran's appeal were disclosed as being true, ... there would be no question but that there was a violation of the equal protection clause of the Fourteenth Amendment."

Duncan v. Missouri, 152 U.S. 377, 382 (1894)

Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

Giozza v. Tiernan, 148 U.S. 657, 662 (1893), Citations Omitted

"Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights... It is enough that there is no discrimination in favor of one as against another of the same class. ...And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

Kentucky Railroad Tax Cases, 115 U.S. 321, 337 (1885)

"The rule of equality... requires the same means and methods to be applied impartially to all the constitutents of each class, so that the law shall operate equally and uniformly upon all persons in similar circumstances".

Truax v. Corrigan, 257 U.S. 312, 332

"Our whole system of law is predicated on the general fundamental principle of equality of application fo the law. 'All men are equal before the law,' "This is a government of laws and not of men,' 'No man is above the law,' are all maxims showing the spirit in which legislatures, executives, and courts are expected to make, execute and apply laws. But the framers and adopters of the (Fourteenth) Amendment were not content to depend... upon the spirit of equality which might not be insisted on by local public opinion. They therefore embodied that spirit in a specific guaranty."

# JUDICIAL IMMUNITY:

See Judicial Immunity page for more citations (links) and news articles regarding the topic.

See also, 42 USC 1983 - Availability of Equitable Relief Against Judges.

Note: [Copied verbiage; we are not lawyers.] Judges have given themselves judicial immunity for their judicial functions. Judges have no judicial immunity for criminal acts, aiding, assisting, or conniving with others who perform a criminal act or for their administrative/ministerial duties, or for

violating a citizen's constitutional rights.  When a judge has a duty to act, he does not have discretion - he is then not performing a judicial act; he is performing a ministerial act.

Nowhere was the judiciary given immunity, particularly nowhere in Article III; under our Constitution, if judges were to have immunity, it could only possibly be granted by amendment (and even less possibly by legislative act), as Art. I, Sections 9 & 10, respectively, in fact expressly prohibit such, stating, "No Title of Nobility shall be granted by the United States" and "No state shall... grant any Title of Nobility."  Most of us are certain that Congress itself doesn't understand the inherent lack of immunity for judges.

Article III, Sec. 1, "The Judicial Power of the United States shall be vested in one supreme court, and in such inferior courts, shall hold their offices during good behavior."

Tort & Insurance Law Journal, Spring 1986 21 n3, p 509-516, "Federal tort law:  judges cannot invoke judicial immunity for acts that violate litigants' civil rights." - Robert Craig Waters.

Ableman v. Booth, 21 Howard 506 (1859)

"No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence."

Chandler v. Judicial Council of the 10th Circuit, 398 U.S. 74, 90 S. Ct. 1648, 26 L. Ed. 2d 100

Justice Douglas, in his dissenting opinion at page 140 said, "If (federal judges) break the law, they can be prosecuted."  Justice Black, in his dissenting opinion at page 141) said, "Judges, like other people, can be tried, convicted and punished for crimes... The judicial power shall extend to all cases, in law and equity, arising under this Constitution".

Cooper v. Aaron, 358 U.S. 1, 78 S. Ct. 1401 (1958)

Note:  Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land.  The judge is engaged in acts of treason.

The U.S. Supreme Court has stated that "no state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it".  See also In Re Sawyer, 124 U.S. 200 (188); U.S. v. Will, 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821).

Cooper v. O'Conner, 99 F.2d 133

There is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign.

Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938)

A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts.

Forrester v. White, 484 U.S. at 227-229, 108 S. Ct. at 544-545 (1987); Westfall v. Erwin, 108 S. Ct. 580 (1987); United States v. Lanier (March 1997)

Constitutionally and in fact of law and judicial rulings, state-federal "magistrates-judges" or any government actors, state or federal, may now be held liable, if they violate any Citizen's Constitutional rights, privileges, or immunities, or guarantees; including statutory civil rights.

A judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity.

Gregory v. Thompson, F.2d 59 (C.A. Ariz. 1974)

Generally, judges are immune from suit for judicial acts within or in excess of their jurisdiction even if those acts have been done maliciously or corruptly; the only exception being for acts done in the clear absence of all jurisdiction.

Hoffsomer v. Hayes, 92 Okla 32, 227 F. 417

"The courts are not bound by an officer's interpretation of the law under which he presumes to act."

Marbury v. Madison, 5 U.S. (2 Cranch) 137, 180 (1803)

"... the particular phraseology of the constitution of the United States confirms and strengthens the principle, supposed to be essential to all written constitutions, that a law repugnant to the constitution is void, and that courts, as well as other departments, are bound by that instrument."

"In declaring what shall be the supreme law of the land, the Constitution itself is first mentioned; and not the laws of the United States generally, but those only which shall be made in pursuance of the Constitution, have that rank".

"All law (rules and practices) which are repugnant to the Constitution are VOID".

Since the 14th Amendment to the Constitution states "NO State (Jurisdiction) shall make or enforce any law which shall abridge the rights, privileges, or immunities of citizens of the United States nor deprive any citizens of life, liberty, or property, without due process of law, ... or equal protection under the law", this renders judicial immunity unconstitutional.

Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872)

"Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction."

Pulliam v. Allen, 466 U.S. 522 (1984); 104 S. Ct. 1781, 1980, 1981, and 1985

In 1996, Congress passed a law to overcome this ruling which stated that judicial immunity doesn't exist; citizens can sue judges for prospective injunctive relief.

"Our own experience is fully consistent with the common law's rejection of a rule of judicial immunity. We never have had a rule of absolute judicial immunity.  At least seven circuits have indicated affirmatively that there is no immunity... to prevent irreparable injury to a citizen's constitutional rights..."

"Subsequent interpretations of the Civil Rights Act by this Court acknowledge Congress' intent to reach unconstitutional actions by all state and federal actors, including judges... The Fourteenth Amendment prohibits a state [federal] from denying any person [citizen] within its jurisdiction the equal protection under the laws.  Since a State [or federal] acts only by its legislative, executive or judicial authorities, the constitutional provisions must be addressed to those authorities, including state and federal judges..."

"We conclude that judicial immunity is not a bar to relief against a judicial officer acting in her [his] judicial capacity."

Mireles v. Waco, 112 S. Ct. 286 at 288 (1991)

A judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity; however, even in a case involving a particular attorney not assigned to him, he may reach out into the hallway, having his deputy use "excessive force" to haul the attorney into the courtroom for chastisement or even incarceration.  A Superior Court Judge is broadly vested with "general jurisdiction."  Provided the judge is not divested of all jurisdiction, he may have his actions excused as per this poor finding.

Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)

Note:  By law, a judge is a state officer.  The judge then acts not as a judge, but as a private individual (in his person).  When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect.

The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.  The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

Stump v. Sparkman, id., 435 U.S. 349

Some Defendants urge that any act "of a judicial nature" entitles the Judge to absolute judicial immunity.  But in a jurisdictional vacuum (that is, absence of all jurisdiction) the second prong necessary to absolute judicial immunity is missing.

A judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity.

Rankin v. Howard, 633 F.2d 844 (1980)

The Ninth Circuit Court of Appeals reversed an Arizona District Court dismissal based upon absolute judicial immunity, finding that both necessary immunity prongs were absent; later, in Ashelman v. Pope, 793 F.2d 1072 (1986), the Ninth Circuit, en banc, criticized the "judicial nature" analysis it had published in Rankin as unnecessarily restrictive.  But Rankin's ultimate result was not changed, because Judge Howard had been independently divested of absolute judicial immunity by his complete lack of jurisdiction.

U.S. Fidelity & Guaranty Co. (State use of), 217 Miss. 576, 64 So. 2d 697

When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction.

U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)

"No man in this country is so high that he is above the law.  No officer of the law may set that law at defiance with impunity.  All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it."

"It is the only supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives."

Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326

When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost.

# JURISDICTION:

NOTE:  It is a fact of law that the person asserting jurisdiction must, when challenged, prove that jurisdiction exists; mere good faith assertions of power and authority (jurisdiction) have been abolished.

Albrecht v. U.S.

Balzac v. People of Puerto Rico, 258 U.S. 298 (1922)

"The United States District Court is not a true United States Court, established under Article 3 of the Constitution to administer the judicial power of the United States therein conveyed.  It is created by virtue of the sovereign congressional faculty, granted under Article 4, 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States.  The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court."

Basso v. UPL, 495 F. 2d 906

Brook v. Yawkey, 200 F. 2d 633

Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

Under federal Law, which is applicable to all states, the U.S. Supreme Court stated that "if a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers."

Griffin v. Mathews, 310 Supp. 341, 423 F. 2d 272

Hagans v. Lavine, 415 U.S. 528

Howlett v. Rose, 496 U.S. 356 (1990)

Federal Law and Supreme Court Cases apply to State Court Cases.

Louisville & N.R. Co. v. Mottley, 211 U.S. 149

Mack v. United States, 07-27-97, Justice Antonin Scalia

"The Federal Government may neither issue directives requiring the States to address particular problems, nor command the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program. It matters not whether policy making is involved, and no case-by-case weighing of the burdens or benefits is necessary; such commands are fundamentally incompatible with our constitutional system of dual sovereignty."

Mack v. United States, 07-27-97, Justice Antonin Scalia

"Residual state sovereignty was also implicit, of course, in the Constitution's conferral upon Congress of not all governmental powers, but only discrete and enumerated ones."

Maine v. Thiboutot, 448 U.S. 1

Mookini v. U.S., 303 U.S. 201 (1938)

"The term 'District Courts of the United States' as used in the rules without an addition expressing a wider connotation, has its historic significance. It describes the constitutional courts created under Article 3 of the Constitution. Courts of the Territories are Legislative Courts, properly speaking, and are not district courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the district courts of the United States (98 U.S. 145) does not make it a 'District Court of the United States'.

"Not only did the promulgating order use the term District Courts of the United States in its historic and proper sense, but the omission of provision for the application of the rules the territorial court and other courts mentioned in the authorizing act clearly shows the limitation that was intended."

McNutt v. General Motors, 298 U.S. 178

New York v. United States, 505 U.S. 144 (1992)

   "We have held, however, that state legislatures are not subject to federal direction."

Owens v. The City of Independence, 445 U.S. 622, 100 S. Ct. 1398 (1980)

Thomson v. Gaskill, 315 U.S. 442

## JUSTICE DEPARTMENT:

United States v. Chadwick, 433 U.S. I at 16 (1976)

   "It is deeply distressing that the Department of Justice, whose mission is to protect the constitutional liberties of the people of the United States, should even appear to be seeking to subvert them by extreme and dubious legal argument."

## PEACEFUL ASSEMBLY (DEMONSTRATIONS):

Elrod v. Burns, 427 U.S. 347; 6 S. Ct. 2673; 49 L. Ed. 2d (1976)

   "Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."

Miller v. U.S., 230 F. 2d. 486, 490; 42

   "There can be no sanction or penalty imposed upon one, because of his exercise of constitutional rights."

Murdock v. Pennsylvania, 319 U.S. 105

   "No state shall convert a liberty into a license, and charge a fee therefore."

Shuttlesworth v. City of Birmingham, Alabama, 373 U.S. 262

   "If the State converts a right (liberty) into a privilege, the citizen can ignore the license and fee and engage in the right (liberty) with impunity."

United States Constitution, First Amendment

   Right to Petition; Freedom of Association.

# PROBABLE CAUSE:

**Brinegar v. U.S., 388 US 160 (1949)**

   Probable Cause to Arrest - Provides details on how to determine if a crime has been or is being committed.

**Carroll v. U.S., 267 US 132 (1925)**

   Probable Cause to Search - Provides details on the belief that seizable property exists in a particular place or on a particular person.

**Draper v. U.S. (1959)**

   Probable cause is where known facts and circumstances, of a reasonably trustworthy nature, are sufficient to justify a man of reasonable caution in the belief that a crime has been or is being committed. Reasonable man definition; common textbook definition; comes from this case.



Joseph D'Alessandro & Olga D'Alessandro
23136 Prince George Drive
Angola Estates
Lewes, Delaware 19958-9342

Chief Court Clerk, U.S. District Court Of
Mr. Peter Dalleo
J. Caleb Boggs Federal Building
844 N. King Street
Lockbox 18
Wilmington, DE 19801

# EXHIBIT [A]

# 1:06-cv-00548-GMS D'Alessandro et al v. Progressive Northern Insurance Company
# Gregory M. Sleet, presiding
# Date filed: 09/01/2006 Date of last filing: 10/05/2006

**Saturday, August 26, 2006**

**the $900.00 you offered was a insult I paid a premium for this coverage open and shut case.**

**Mr. Drew Herebert**
**Claims Representative**
**Progressive Northern Insurance Company**

**Progressive Northern Insurance Company**
**6300 Wilson Mills Road**
**Mayfield Village, OH 44143-2182**



**Fax 3026781236**
**I, Joseph D'Alessandro purchased, uninsured/underinsured motorist coverage to protect myself and wife against uninsured drivers.**

**MY COVERAGE IS $300,000 thousand.**
**Olga's pain and suffering and mine as husband [loss consortium]**
**is $275,000 thousand. To be paid by Progressive Insurance Company _At Once_.**

**uninsured motorist clause**
**the clause in a policy of insurance on an automobile which provides that if the owner (or a passenger) of the automobile is injured by a negligent driver of another vehicle who does not have liability insurance, then the insurance company will pay its insured's actual damages.**

**Futhermore Progressive Insurance Company is liable for this payment**
**or face a Federal Lawsuit under Title 28 sec. 1331. Federal question sec. 1332**
**Signed Joseph D'Alessandro Pro-Se**

**[a] breach of trust and/or good faith**

**BREACH** The violation of an obligation, engagement or duty; as a breach of covenant is the non-performance or violation of a covenant; the breach of a promise is non-performance of a promise; the breach of a duty is the refusal or neglect to execute an office or public trust, according to law.

**GOOD FAITH** Honestly and without deception. An agreement might be declared invalid if one of the parties entered with the intention of defrauded the other.

The duty of each party to an agreement (and all officers, employees, or agents of each party) to act in a fair and equitable manner toward each other so as to guarantee each party freedom from coercion, intimidation, or threats of coercion or intimidation from the other.

**FRAUD, TO DEFRAUD** The term 'fraud' is generally defined in the law as an intentional misrepresentation of material existing fact made by one person to another with knowledge of its falsity and for the purpose of inducing the other person to act, and upon which the other person relies with resulting injury or damage. [Fraud may also include an omission or intentional failure to state material facts, knowledge of which would be necessary to make other statements not misleading.]

**[b] insurance**
a contract (insurance policy) in which the insurer (insurance company) agrees for a fee (insurance premiums) to pay the insured party all or a portion of any loss suffered by accident or death. The losses covered by the policy may include property damage or loss from accident, fire, theft or intentional harm; medical costs and/or lost earnings due to physical injury; long-term or permanent loss of physical capacity; claims by others due to the insured's alleged negligence (e.g. public liability auto insurance);

The uninsured motorist bodily injury coverage will pay for medical bills and **pain and suffering** if you are hit by an uninsured driver.
The uninsured motorist property damage coverage will pay for property damage if you are hit by an uninsured driver.

As of August 2004, uninsured motorist property damage is available in these states: Alaska, Arkansas, California, Colorado, **Delaware,** District of Coulmbia, Georgia, Illinois, Indiana, Iowa, Louisiana, Maryland, Mississippi, New Jersey, New Mexico, North Carolina, Ohio, Oregon, Rhode Island, South Carolina, Texas, Tennessee, Utah, Virginia, Vermont, Washington, and West Virginia.

**Please comply with the statutes of your own  Insurance Policies by-laws.**

Thank You,
Olga D'Alessandro
Joseph D'Alessandro

WILMINGTON DE 197

16 OCT 2006 PM 2 L

Joseph D'Alessandro & Olga D'Alessandro
23136 Prince George Drive
Angola Estates
Lewes, Delaware 19958-9342

Chief Court Clerk, U.S. District Court Of Delaware
Mr. Peter Dalleo
J. Caleb Boggs Federal Building
844 N. King Street
Lockbox 18
Wilmington, DE 19801

# EXHIBIT [A]

**Service of process to be entered soon.  Thursday, November 02, 2006**

**1:06-cv-00548-GMS D'Alessandro et al v. Progressive Northern Insurance Company**
**Gregory M. Sleet, presiding**
**Date filed: 09/01/2006 Date of last filing: 10/05/2006**

**I was stopped at Red Light when I was hit head on in rear and pushed into middle of
Intersection, fortunately there where no incomming traffic to get hit broadside,
My Wife Olga is Disabled on Social Security Disability, with Cracked vertebre
The accident caused her excessive pain and suffering, and spent 3 days at Saint
Jones Hospital in Dover Delaware.**

Wednesday, 04 October, 2006

Please dismiss me from suit due to Chronic Pain and
of, pertaining to, dealing with, or affecting the mind.

Medications as follows.

Cymbalta  60 mg.
Lorazepam  (substitute for Ativan)  0.5 Mg.
Carisoprodol  (substitute for Soma)  350 Mg.

Doctors:

Dr. Duane Shubert
Sussex Community Mental Health Center
546 S. Bedford Street
Georgetown, Delaware  19947
Phone Number:  302-856-5490

Nancy Lee,  L.C.S.W.
Synergies Behavioral Health and Wellness
117 Schley Avenue
Suite 1
Lewes, Delaware  19958
Phone Number:  302-644-9660

Dr. Afshin Adili-Khams, M.D.
   (Doctor of Internal Medicine)
Millsboro Medical Center
Long Neck Road
Millsboro, Delaware 19966
Phone Number: 302- 945-8304

**Saturday, August 26, 2006**

the $900.00 you offered was a insult I paid a preminum for this coverage open and shut case.

**Mr. Drew Herebert**
**Claims Representative**
**Progressive Northern Insurance Company**

**Progressive Northern Insurance Company**
**6300 Wilson Mills Road**
**Mayfield Village, OH 44143-2182**

Fax 3026781236
I, Joseph D'Alessandro purchased, uninsured/underinsured motorist coverage to protect myself and wife against uninsured drivers.

**MY COVERAGE IS $300,000 thousand.**
**Olga's pain and suffering and mine as husband [loss consortium]**
**is $275,000 thousand. To be paid by Progressive Insurance Company _At Once_.**

**uninsured motorist clause**
the clause in a policy of insurance on an automobile which provides that if the owner (or a passenger) of the automobile is injured by a negligent driver of another vehicle who does not have liability insurance, then the insurance company will pay its insured's actual damages.

**Futhermore Progressive Insurance Company is liable for this payment**
or face a Federal Lawsuit under Title 28 sec. 1331. Federal question sec. 1332
**Signed Joseph D'Alessandro Pro-Se**

**[a] breach of trust and/or good faith**
**BREACH** The violation of an obligation, engagement or duty; as a breach of covenant is the non-performance or violation of a covenant; the breach of a promise is non-performance of a promise; the breach of a duty is the refusal or neglect to execute an office or public trust, according to law.
**GOOD FAITH** Honestly and without deception. An agreement might be declared invalid if one of the parties entered with the intention of defrauded the other.

The duty of each party to an agreement (and all officers, employees, or agents of each party) to act in a fair and equitable manner toward each other so as to guarantee each party freedom from coercion, intimidation, or threats of coercion or intimidation from the other.
**FRAUD, TO DEFRAUD** The term 'fraud' is generally defined in the law as an intentional misrepresentation of material existing fact made by one person to another with knowledge of its falsity and for the purpose of inducing the other person to act, and upon which the other person relies with resulting injury or damage. [Fraud may also include an omission or intentional failure to state material facts, knowledge of which would be necessary to make other statements not misleading.]

**[b] insurance**
a contract (insurance policy) in which the insurer (insurance company) agrees for a fee (insurance

premiums) to pay the insured party all or a portion of any loss suffered by accident or death. The losses covered by the policy may include property damage or loss from accident, fire, theft or intentional harm; medical costs and/or lost earnings due to physical injury; long-term or permanent loss of physical capacity; claims by others due to the insured's alleged negligence (e.g. public liability auto insurance);

The uninsured motorist bodily injury coverage will pay for medical bills and **pain and suffering** if you are hit by an uninsured driver.
The uninsured motorist property damage coverage will pay for property damage if you are hit by an uninsured driver.

As of August 2004, uninsured motorist property damage is available in these states: Alaska, Arkansas, California, Colorado, **Delaware,** District of Coulmbia, Georgia, Illinois, Indiana, Iowa, Louisiana, Maryland, Mississippi, New Jersey, New Mexico, North Carolina, Ohio, Oregon, Rhode Island, South Carolina, Texas, Tennessee, Utah, Virginia, Vermont, Washington, and West Virginia.

**Please comply with the statutes of your own  Insurance Policies by-laws.**

Thank You,
Olga D'Alessandro
Joseph D'Alessandro

# PROOF OF SERVICE

I, Joseph and Olga D'Alessandro, do swear or declare that on this date, **Thursday, November 02, 2006** as required by, **THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF DELAWARE. I have served the enclosed Plantiffs exhibit [A]** Depositing an envelope containing the above document in the United States Mail properly addressed to the witness and/or *defense counsel* and/or defendants and with first-class postage prepaid. and by electronic mail.

The names and addresses of those served are as follows:

*Signed Mrs. Olga D'Alessandro* _____

*Signed Mr. Joseph D'Alessandro*

Michael I. Silverman
Silverman McDonald and Friedman
1010 N. Bancroft Parkway
Suite 22
Wilmington Delaware 19805
Attorney For Defendant
Progressive Northern Insurance Company



Olga D'Alessandro
23136 Prince George Drive
Lewes, DE 19958-5241





$0.87



**Chief Court Clerk, U.S. District Court Of Delaware**
**Mr. Peter Dalleo**
**J. Caleb Boggs Federal Building**
**844 N. King Street**
**Lockbox 18**
**Wilmington, DE 19801**