Wednesday, 04 October, 2006

06-548 (GMS)

Please dismiss me from suit due to Chronic Pain and of, pertaining to, dealing with, or affecting the mind.

Medications as follows.

Cymbalta 60 mg.
Lorazepam (substitute for Ativan) 0.5 Mg.
Carisoprodol (substitute for Soma) 350 Mg.

Doctors:

Dr. Duane Shubert
Sussex Community Mental Health Center
546 S. Bedford Street
Georgetown, Delaware 19947
Phone Number: 302-856-5490

FILED
OCT -5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Nancy Lee, L.C.S.W.
Synergies Behavioral Health and Wellness
117 Schley Avenue
Suite 1
Lewes, Delaware 19958
Phone Number: 302-644-9660

Dr. Afshin Adili-Khams, M.D.
   (Doctor of Internal Medicine)
Millsboro Medical Center
Long Neck Road
Millsboro, Delaware 19966
Phone Number: 302- 945-8304

Mrs. Olga D'Alessandro
23136 Prince George drive
Lewes, Delaware 19958-9342

phone (302)-945-1554

*Olga D'Alessandro*

Pro-Se & Pro-Socia Rights

**No Lawyer or Judge has a License to Practice Law
they have what is a UNION Caed, at best**

Sherar v. Cullen, 481 F. 2d 946 (1973)
there can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights."

Schware v. Board of Examiners, United State Reports 353 U.S. pages 238, 239.
The practice of law cannot be licensed by any state/State."
Which means Bar associations and States of The republic.

Sims v. Aherns, 271 SW 720 (1925)
The practice of law is an occupation of common right."

Brotherhood of Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1; v. Wainwright, 372 U.S. 335;
Argersinger v. Hamlin, Sheriff 407 U.S. 425

# PRO SE RIGHTS:

Brotherhood of Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1; v. Wainwright, 372 U.S. 335;
Argersinger v. Hamlin, Sheriff 407 U.S. 425

  Litigants can be assisted by unlicensed laymen during judicial proceedings.

Conley v. Gibson, 355 U.S. 41 at 48 (1957)

  "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"...
"The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.

Davis v. Wechler, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449

  "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."

Elmore v. McCammon (1986) 640 F. Supp. 905

  "... the right to file a lawsuit pro se is one of the most important rights under the constitution and laws."

Federal Rules of Civil Procedures, Rule 17, 28 USCA "Next Friend"

  A next friend is a person who represents someone who is unable to tend to his or her own interest.

Haines v. Kerner, 404 U.S. 519 (1972)

  "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."

Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233

Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.

Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)

"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."

NAACP v. Button, 371 U.S. 415); United Mineworkers of America v. Gibbs, 383 U.S. 715; and Johnson v. Avery, 89 S. Ct. 747 (1969)

Members of groups who are competent nonlawyers can assist other members of the group achieve the goals of the group in court without being charged with "unauthorized practice of law."

Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court of Appeals

The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."

Puckett v. Cox, 456 F. 2d 233 (1972) (6th Cir. USCA)

It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson (see case listed above, Pro Se Rights Section).

Roadway Express v. Pipe, 447 U.S. 752 at 757 (1982)

"Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."

Sherar v. Cullen, 481 F. 2d 946 (1973)

"There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights."

Schware v. Board of Examiners, United State Reports 353 U.S. pages 238, 239.

"The practice of law cannot be licensed by any state/State."

Sims v. Aherns, 271 SW 720 (1925)

"The practice of law is an occupation of common right."