IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. D'ALESSANDRO and OLGA D'ALESSANDRO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 06-548-GMS ) |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM**

**I.    BACKGROUND**

The plaintiffs Joseph L. D'Alessandro ("Mr. D'Alessandro") and Olga D'Alessandro ("Mrs. D'Alessandro") filed this complaint asserting jurisdiction based upon a federal question and diversity pursuant to 28 U.S.C. § 1331 and § 1332. (D.I. 2.) The plaintiffs appear *pro* se, but the original complaint was signed only by Mr. D'Alessandro. Also, only Mr. D'Alessandro filed an application to proceed *in forma pauperis*, and it was incomplete. Accordingly, on September 29, 2006, the court ordered the plaintiffs to submit complete *in forma pauperis* applications, struck the complaint, and ordered the plaintiffs to amend the complaint so that it contained both their signatures. (D.I. 4.)

In compliance with the court's order, Mr. D'Alessandro submitted a supplemental *in forma pauperis* application. (D.I. 5.) Mrs. D'Alessandro filed a motion to voluntarily dismiss her claims. (D.I. 6.). The court has considered and will grant Mr. D'Alessandro's application to proceed without prepayment of fees under 28 U.S.C. § 1915. The court will also grant Mrs. D'Alessandro's motion to voluntarily dismiss her claims. Finally, the court will reinstate the

complaint, and the case will proceed with Mr. D'Alessandro as the sole plaintiff.

The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the allegations of constitutional violations are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The court will allow Mr. D'Alessandro to proceed on his state claims of breach of contract, fraud, and bad faith.

## I. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as the plaintiff proceeds *pro se*, the court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. ANALYSIS

The complaint alleges that uninsured/underinsured automobile coverage was purchased by D'Alessandro from the defendant, Progressive Northern Insurance Company, a company located in Ohio. While not quite clear, D'Alessandro appears to allege that following an accident, the defendant offered a paltry sum for damages sustained. D'Alessandro invokes diversity jurisdiction and seeks recovery under state law theories of breach of contract, breach of trust and/or good faith, and fraud in his dealings with the defendant. At this initial stage, D'Alessandro has adequately pled state law claims.

D'Alessandro also invokes jurisdiction on the basis of a federal question. He alleges in general the "[u]surping of Plaintiffs' Ninth and Fourteen Amendments. The Right to exist." (D.I. 2, at 1.) The complaint contains several pages of case cites and quotations, but it contains no further allegations to apprise the defendant of how it allegedly violated Mr. D'Alessandro's constitutional rights. Therefore, the court will dismiss that portion of the complaint alleging constitutional violations for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. CONCLUSION

For the above stated reasons the court concludes that the complaint fails to state a claim for a violation of constitutional rights. Mr. D'Alessandro will be allowed to proceed with the state law claims based upon diversity of citizenship. An appropriate order will be entered

Nov. 15, 2006

UNITED STATES DISTRICT JUDGE



FILED
NOV 15 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. D'ALESSANDRO and OLGA D'ALESSANDRO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 06-548-GMS ) |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## ORDER

At Wilmington this 15th day of November, 2006, for the reasons set forth in the Memorandum issued this date.

1. The applications to proceed *in forma pauperis* (D.I. 1, 5) are GRANTED and Joseph L. D'ALessandro ("D'Alessandro") is given leave to proceed *in forma pauperis*.

2. Olga D'Alessandro's motion to voluntarily dismiss (D.I. 6) is GRANTED and she is dismissed as a party plaintiff.

3. The complaint (D.I. 2) is reinstated.

4. All allegations of constitutional violations are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

5. The court has identified cognizable diversity state law claims. D'Alessandro is allowed to PROCEED with the state claims.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiffs.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), D'Alessandro shall complete and provide an **original** "U.S. Marshal-285" form for the defendant. **D'Alessandro has provided the court with a copy of the complaint (D.I. 2) for service upon the defendant. D'Alessandro is notified that the United States Marshal will not serve the complaint until the "U.S. Marshal 285" form has been received by the clerk of the court. Failure to provide a "U.S. Marshal 285" form for the defendant within 120 days of the date of this order may result in the complaint being dismissed or the defendant being dismissed pursuant to Fed. R. Civ. P. 4(m).**

3. Upon receipt of the completed "U.S. Marshal 285" form(s), the United States Marshal shall serve a copy of the complaint (D.I. 2) and this order upon the defendant as directed by the plaintiff. All costs of service shall be advanced by the United States.

4. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

UNITED STATES DISTRICT JUDGE