IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

JOSEPH D'ALESSANDRO and  
OLGA D'ALESSANDRO, pro se,  :   C.A. No.: 06-CV-548 GMS

    Plaintiffs,

v.

PROGRESSIVE NORTHERN  
INSURANCE COMPANY,  
a foreign corporation,

    Defendant.

## DEFENDANT, PROGRESSIVE NORTHERN INSURANCE COMPANY'S MOTION TO DISMISS

Defendant, Progressive Northern Insurance Company (hereinafter "Progressive") by and through its undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure respectfully requests that this Court enter an Order dismissing Plaintiffs' claims with prejudice. In support thereof Defendant states as follows:

1. On or about September 1, 2006, Plaintiffs, Joseph and Olga D'Alessandro, as husband and wife filed a complaint in this Court against Defendant, Progressive Northern Insurance Company. Plaintiffs' complaint asserts jurisdiction under 28 U.S.C. §1331 and §1332. Plaintiff avers that "upsurping of Plaintiff's ninth and fourteen amendments. The right to exist." Plaintiff also avers a claim for breach of faith and intentional fraud on the part of Defendant arguing Defendant is "liable for adding more mental & physical injury to Plaintiffs." (D. I. 2)

2. On October 5, 2006, Plaintiffs filed a voluntary motion to dismiss on behalf of Plaintiff, Olga D'Alessandro. (D.I. 6)

3. On October 24, 2006, the undersigned counsel entered his appearance on behalf of Defendant. (D.I. 7) Thereafter, Defendant filed a Motion for Enlargement of Time, pursuant to Rule 12 of the Federal Rules of Civil Procedure. (D.I. 9)

4.   On November 15, 2006, the Court issued an order granting Plaintiffs Motion for Voluntary Dismissal of Olga D'Alessandro. The Court also reinstated the Complaint filed by Joseph D'Alessandro, however, all allegation of constitutional violations were dismissed under 28 U.S.C. § 1915 (e)(2)(B). Plaintiff was permitted to proceed with his state law claims based upon diversity of citizenship. The Court instructed Plaintiff to provide the necessary service forms to the U.S. Marshall within 120 days. ( D.I. 10)

5.   Plaintiff failed to provide the necessary service documents to the U.S. Marshall, and on March 22, 2007, this Court dismissed Plaintiffs remaining claims pursuant to Fed. R. Civ. P. 4(m). (D.I. 13) Plaintiff on March 26, 2007, filed a Motion to Reopen Case (D.I. 14), which was granted by the Court on April 11, 2007, indicating that service must be effectuated in accordance with the Court's November 15, 2006 order. (D.I. 15)  Upon information and belief, service was effectuated on Defendant on April 23, 2007. (D.I. 18)

6.   Defendant denies any and all claims asserted by Plaintiff in the Complaint. Defendant moves the Court to dismiss Plaintiff, Joseph D'Alessandro's remaining action pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure, as his complaint fails to state a claim against Defendant upon which relief can be granted.

7.   Defendant recognizes that complaints of pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers" and can only dismiss for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-521 (quoting Conely v. Gibson, 355 U.S. 41, 45-46 (1957)). However, the Court need not "blindly accept as true all allegations, nor must [the court] draw all inferences from them in [plaintiff's] favor unless they are reasonable inferences." White v. Panic, 783 A.2d 543,549 (Del. 2001)

8.   Plaintiff, Olga D'Alessandro voluntarily dismissed her claims. (D.I. 6 and D.I.

15). Joseph D'Alessandro therefore, is the only remaining Plaintiff in this matter. Plaintiff maintains a claim for loss of consortium as a result of his wife's injuries in the automobile accident on March 25, 2006, breach of contract, breach of trust and / or good faith, and fraud.

9. The well-settled rule in Delaware, states that claims for loss of consortium are wholly derivative of the right of the injured spouse to maintain an action for personal injuries. Folk v. York-Shipley, Inc., Del. Super., 233 A.2d 451 (1967), aff'd, Del. Supr., 239 A.2d 236 (1968); Stenta v. Lebang, Del. Supr., 185 A.2d 759 (1962); Yonner v. Adams, Del. Super., 167 A.2d 717 (1961). Accordingly, Plaintiff's claim is "nonexistent in the absence of a valid claim by the [injured person]" Jones v. Elliott, 1987 WL 167757, *2 (Del. Super.). The Supreme Court further held in Jones v. Elliott, 551 A.2d 62 (Del. Supr., 1988), that the spouses suit for loss of consortium is derivative of the physically injured spouse's cause of action only to the extent that it establishes the tortfeasor's liability to the primary claim holding spouse. Plaintiff, Joseph D'Alessandro's claim for loss of consortium is derivative of his wife's personal injury claim dismissed by this Court on November 15, 2006. Plaintiff is therefore unable to plead and or prove any set of facts and circumstances entitling him to relief.

10. Plaintiff's remaining claims against Defendant are for "breach of faith and intentional fraud" claiming that Defendant "is liable for adding more mental and physical injury to plaintiffs." (D.I. 2) Plaintiff claims may not be maintained as all actions for personal injury have been dismissed and his loss of consortium action cannot be supported. Pursuant to the above, Plaintiff no longer has standing to assert any remaining claims for uninsured motorist benefits under the contract of insurance with Defendant.

11. In the alternative, should this Court permit Plaintiff's remaining allegations to survive, those actions must fail as Plaintiff has failed to assert a breach of duty by the Defendant and "actual damages" sustained as a result of an alleged breach. (D.I. 2)

12. The Supreme Court in <u>Tackett v. State Farm Fire & Cas. Ins. Co.</u>, 653 A.2d 254, 264 (Del. 1995), held that a first party claim against an insurer for bad faith denial or delay in claim payments sound in contract and arise from the implied covenant of good faith and fair dealing. A claim for bad faith is actionable where the insured can show that the insurer's denial of benefits was clearly without any, reasonable justification." <u>Id.</u> Plaintiff has set forth no facts in the complaint indicating bad faith on the part of the defendant as the complaint does not allege an unjustified failure or delay in the processing of payments of an insurance claim. In the alternative, Exhibit A of Plaintiff's complaint is proof that the Defendant made an offer in good faith in an attempt to resolve the claim. (D.I. 2)

13. Rule 9 (b) of the Federal Rules of Civil Procedure states that "all averments of fraud ... shall be plead with particularity." As Plaintiff fails to provide any factual information in the Compliant supporting his claim for "intentional fraud" such claims must also be dismissed.

14. Plaintiff also seeks an award of ten million dollars in punitive damages. Plaintiff's is not entitled to punitive damages, as he neither alleged nor presented any facts in his complaint to support intentional or malicious conduct on the part of Defendant. <u>Tackett v. State Farm Fire & Cas. Ins. Co.</u>, 653 A.2d at 257. (D.I. 2)

15. Plaintiff therefore, is unable to prove any facts and circumstances that would entitle him to relief. In accordance with Defendant's positions as stated above, Defendant also asserts lack of jurisdiction and improper venue, as Plaintiff is unable to support a claim for personal injuries in excess of $75,000, such that it would entitle him to jurisdiction under 28 U.S.C. §1332 (a).

WHEREFORE, Defendant, Progressive Northern Insurance Company, respectfully requests that this Honorable Court dismiss Plaintiff's Complaint, with prejudice for failure to state a claim upon which relief can be granted, lack of jurisdiction and improper venue.

SILVERMAN, McDONALD & FRIEDMAN

/s/ Michael I. Silverman
MICHAEL I. SILVERMAN, ESQUIRE
DE Bar I.D. No.: 3034
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 888-2900
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH D'ALESSANDRO and <br> OLGA D'ALESSANDRO, pro se, <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE NORTHERN <br> INSURANCE COMPANY, <br> a foreign corporation, <br><br> Defendant. | C.A. No.: 06-CV-548 GMS |

## CERTIFICATE OF SERVICE

I, Michael I. Silverman, Esquire, hereby certify that two true and correct copies of Defendant's Motion to Dismiss were served this 19th day of September, 2007, via United States certified mail # 7003 0500 0005 5858 6224, return receipt requested, upon *pro se* Plaintiff as indicated below.

Joseph D'Alessandro and Olga D'Alessandro
Plaintiffs Pro-Se
23136 Prince George Drive
Angola Estates
Lewes, DE 19958-9342

SILVERMAN, McDONALD & FRIEDMAN

 /s/ Michael I. Silverman
MICHAEL I. SILVERMAN, ESQUIRE
DE Bar I.D. No.: 3034
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 888-2900
Attorney for Defendant

Citation/Title
1987 WL 16757, Jones v. Elliott, (Del.Super. 1987)

*16757    Only the Westlaw citation is currently available.

UNPUBLISHED OPINION.  CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware, Sussex County.

Renaye JONES, Plaintiff,
v.
Deborah L. ELLIOTT, Defendant.
Submitted: August 4, 1987.
Decided: August 6, 1987.

Upon Defendant's Motion for Summary Judgment.  Granted.

Edward C. Gill, Wolhar & Gill, P.A., Georgetown, for plaintiff.

Mason E. Turner, Jr, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for defendant.

MEMORANDUM OPINION

CHANDLER, Judge.

**1  Plaintiff, Renaye Jones, has filed a loss of consortium claim against defendant, Deborah Elliott, arising out of an automobile accident on January 25, 1984 involving the defendant and plaintiff's husband, Allen Jones. The facts surrounding the accident are not at issue. On May 17, 1985, Allen Jones executed an agreement in which he released any claims he had against the defendant in consideration for $36,000. Defendant now contends that any claim which plaintiff may have had for loss of consortium as a result of this accident was extinguished by the release and has filed a motion for summary judgment. This is the Court's decision on defendant's motion.

The single legal issue to be decided on this motion is whether a general release signed by an injured spouse bars the consortium claim of the other spouse who was not a party to the release. Defendant contends that the consortium claim is purely derivative of the claim of the injured spouse. Since Allen Jones's claims were extinguished by the release and he no longer has a viable cause of action, (FN1) defendant argues that the plaintiff cannot now assert her derivative consortium claim. Plaintiff contends that even though her claim is derivative, it remains a separate and distinct action. In the majority of jurisdictions which have decided this issue, a release signed by the injured spouse does not extinguish the right to a separate consortium action. Plaintiff argues that Delaware should adopt this rule as well.

The difficulty with plaintiff's argument is that it fails to take into adequate account the nature of consortium claims in Delaware. They are wholly

© 2007 Thomson/West. No claim to original U.S. Govt. works.

1987 WL 16757, Jones v. Elliott, (Del.Super. 1987)

derivative of the other spouse's claims for personal injuries. Folk v. York-Shipley, Inc., Del. Super., 233 A.2d 451 (1967), aff'd, Del. Supr., 239 A.2d 236 (1968). In Stenta v. Leblang, Del. Supr., 185 A.2d 759 (1962), the Supreme Court stated: 'a wife is entitled to recover for the loss of consortium, but such right of action in a case such as this is dependent upon the husband's right to maintain an action for personal injuries.' Id. at 762 (citing Yonner v. Adams, Del. Super., 167 A.2d 717 (1961)). This statement was later explained by the Supreme Court in an opinion which held that a wife's claim for loss of consortium asserted a tort governed by Pennsylvania law, the forum in which the accident involving her husband had taken place. Folk, 239 A.2d at 236. The wife in Folk had argued that her claim was for injury to her marital relationship and, since her marriage domicile was in Delaware, that injury took place in Delaware and not in Pennsylvania. The Supreme Court disagreed:

> In Stenta v. Leblang, we said that a wife's action for loss of consortium 'is dependent upon the husband's right to maintain an action for personal injuries.' This means that while a wife's claim for loss of consortium may be separate and distinct from her husband's claim for personal injury, it is nevertheless nonexistent in the absence of a valid claim by the husband. In other words, the wife's injury (loss of consortium) springs into being simultaneously with the injury to the husband by reason of tort committed upon him.
>
> **2 Analysis of the asserted right of action demonstrates that it is the personal injury to the husband which is also the injury to the marriage of which the wife complains. The argument of Mrs. Folk that the injury she complains of is the subsequent inability of her husband to perform part of his marital duties, and that therefore the injury took place in Delaware, fails to recognize the distinction between injury and damage.
>
> In this case, the injury to the marriage was the injury to the husband in Pennsylvania. From this injury flowed the damage of which she complains.

Id. at 238.

The derivative nature of the spouse's cause of action requires that, in order for the derivative spouse to assert a claim for loss of consortium, the injured spouse must have a valid cause of action for recovery against the tortfeasor. Lacy v. G. D. Searle & Co., Del. Super., 484 A.2d 527 (1984). This requirement has resulted in the barring of a claim for loss of consortium where the injured spouse was contributorily negligent, Rhein v. Wark Co., Del. Supr., 174 A.2d 132 (1961), and where the injured spouse's exclusive remedy against his employer was workmen's compensation. Farrall v. Armstrong Cork Co., Del. Super., 457 A.2d 763 (1983). Although the question whether a release signed by the injured spouse bars the other spouse from asserting a cause of action for loss of consortium has never been expressly decided in Delaware, (FN2) I find the situations to be analagous. Where there is a valid and binding release, the injured spouse has abandoned his claim or right to the alleged tortfeasor. See 66 Am.Jur.2d, Release, § 1 (1973). Since the other spouse's claim for loss of consortium is

© 2007 Thomson/West. No claim to original U.S. Govt. works.

1987 WL 16757, Jones v. Elliott, (Del.Super. 1987)

dependent upon the original spouse's right to maintain an action for personal injuries, it follows that the release likewise bars the loss of consortium claim.

Plaintiff has cited numerous decisions by courts in other jurisdictions that hold that a release signed by the injured spouse does not bar the other spouse's consortium claim. See, e.g., Barker v. Colorado Region-Sports Car Club, Inc., Colo. App., 532 P.2d 372, reh'g. denied (1974), cert. denied (1975); Ryter v. Brennan, Fla. App., 291 So.2d 55, cert. denied, Brennan v. Ryter, Fla. Supr., 297 So.2d 836 (1974); Deese v. Parks, Ga. App., 276 S.E.2d 269 (1981); Brown v. Metzger, Ill. App., 455 N.E.2d 834 (1983), aff'd., Ill. Supr., 470 N.E.2d 302 (1984); Rosander v. Copco Steel & Engineering Co., Ind. App., 429 N.E.2d 990, reh'g. denied (1982); Shepherd v. Consumers Cooperative Assn., Mo. Supr., 384 S.W.2d 635 (1964); Whittlesey v. Miller, Tex. Supr., 572 S.W.2d 665, reh'g. denied (1978); Arnold v. Shawano County Agricultural Soc., Wis. App., 317 N.W.2d 161 (1982), aff'd., Wis. Supr., 330 N.W.2d 773 (1983). The prevalent view is that the consortium claim is a separate and independent cause of action which is the property of the spouse and cannot be controlled by the injured person. See Annot., 29 A.L.R.4th 1200 (1984).

**3. Although I am sympathetic with the view that 'placing actions in a derivative posture does not give one party the right to waive the rights of another,' Rosander, 429 N.E.2d at 991, Delaware law has consistently held consortium claims to be purely derivative of the personal injury action. If these claims are barred by the contributory negligence of the injured spouse or the exclusiveness of the workmen's compensation remedy, I cannot find any principled reason why they should not also be barred by a valid release signed by the injured spouse. In particular, I do not find persuasive the distinction made by the Illinois Appellate Court in Brown v. Metzger and cited by the plaintiff:

> Defendant cites several cases in which the loss of consortium action was barred by the termination of the impaired spouse's claim. These cases are distinguishable, however, because in each of them the impaired spouse's claim was involuntarily terminated because the impaired spouse was barred from recovery as a matter of law. (Plocar v. Dunkin' Donuts of America, Inc., (1981), 103 Ill. App.3d 740, 59 Ill. Dec. 418, 431 N.E.2d 1175 (impaired spouse failed to state a cause of action); Knox v. North American Car Corp. (1980), 80 Ill. App.3d 683, 35 Ill. Dec. 827, 399 N.E.2d 1355 (impaired spouse's claim barred by the statute of limitations); Rollins v. General American Transportation Corp. (1964), 46 Ill. App.2d 266, 197 N.E.2d 68 (impaired spouse contributorily negligent as a matter of law).) In those cases the impaired spouse could not have pursued his claim if he had so desired. Here, plaintiff's husband's claim was not involuntarily barred but was compromised and released. He could have pursued his claim if he had wished but chose instead to settle.

Brown v. Metzger, 455 N.E.2d at 837.

It is my opinion that the plaintiff's claim for loss of consortium has been foreclosed by the general release executed by her husband. Accordingly,

© 2007 Thomson/West. No claim to original U.S. Govt. works.

Page 4

1987 WL 16757, Jones v. Elliott, (Del.Super. 1987)

defendant's motion for summary judgment is granted.

   IT IS SO ORDERED.

(FN1) I am assuming for the sake of this motion only that the release is valid and binding on Allen Jones. The parties have not alleged or argued otherwise.

(FN2) In Reason v. Lewis, Del. Super., 250 A.2d 390, rev'd., Del. Supr., 260 A.2d 708 (1969), the Superior Court granted defendant's motion for summary judgment and held that a release executed by plaintiff husband was binding upon him, notwithstanding the fact that the parties had made a mutual mistake of fact as to the extent of his injuries. In granting the motion, the Superior Court also dismissed without comment the plaintiff wife's claim for loss of consortium. The recital of facts indicates that the plaintiff husband alone executed the release; however, the draft of $500 was issued on behalf of both plaintiffs and was endorsed by both plaintiffs. Id. at 391.

© 2007 Thomson/West. No claim to original U.S. Govt. works.

Case 1:06-cv-00548-GMS   Document 20-2   Filed 09/19/2007   Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH D'ALESSANDRO and<br>OLGA D'ALESSANDRO, pro se,<br><br>            Plaintiffs,<br><br>    v.<br><br>PROGRESSIVE NORTHERN<br>INSURANCE COMPANY,<br>a foreign corporation,<br><br>            Defendant. | C.A. No.: 06-CV-548 GMS |

## **PROPOSED ORDER**

AND NOW, TO WIT, this _____ day of _____, 2007, having considered Defendant, Progressive Northern Insurance Company's Motion to Dismiss, and the response thereto, if any;

IT IS HEREBY ORDERED that Defendant's Motion is granted and Plaintiff's case is dismissed with prejudice.

_____
J.